# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **HUBERT JEUNE,** *et al*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 7:14-CV-617 |
| ) | |
| **WESTPORT AXLE CORP.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This consolidated case is before the court on nonparty Volvo Group North America's ("Volvo") motion to tax costs. Dkt. No. 54. Volvo and Defendant Westport Axle Corporation ("Westport") unsuccessfully moved to quash Plaintiffs' Hubert Jeune, Willio Basilage, and Fernando Balthazar (collectively, "Plaintiffs") subpoena *duces tecum* they had served upon Volvo. See Dkt. Nos. 40, 50. Having produced the documents that were the subject of the subpoena, Volvo now seeks to recover the costs of production from Plaintiffs pursuant to Federal Rule of Civil Procedure 45(d)(1). I have considered the pleadings and applicable law in this case and find that a hearing on the motion will not aid in the decisional process. For the reasons more fully outlined below, I will **DENY** Volvo's motion. Dkt. No. 54.

## BACKGROUND

Plaintiffs are Seventh-day Adventists whose religious beliefs prohibit them from working on Saturdays. When they began their employment, Plaintiffs were not required to work on the weekends. However, due to an increase in production demands from Wesport's sole customer, Volvo, Westport began requiring employees, including Plaintiffs to work overtime on Saturdays. Plaintiffs have alleged that they were terminated when they accumulated too many

absences for their refusal to work on Saturday. Plaintiffs filed this action alleging religious discrimination in employment.

During the course of discovery, Plaintiffs issued a subpoena *duces tecum* to Volvo seeking information related to Volvo's increased demands that triggered Westport's mandatory overtime requirement. Volvo objected to the subpoena, but produced the documents pursuant the court's order and now seeks to recover its costs of $20,767.39.

In the course of producing the required documents, Volvo hired the Atlanta law firm of Kilpatrick Townsend ("Kilpatrick") to conduct legal research and document review. The entirety of the amount Volvo seeks to recover consists of the fees Kilpatrick charged Volvo. See Dkt. No. 56-1 p. 5 (invoice for $15,603.39); 56-2 p. 4 (invoice for $2,491); 56-3 p. 3 (invoice for $2,673). These invoices primarily include charges for document review (charged at $176.47 per hour) and for attorney R.J. Keshian's time ranging from $495 per hour to $530 per hour. Mr. Keshian's charges include billing for research on the motion to tax costs, conferences with IT representatives and others concerning the production of the documents, review of a proposed protective order, and preparation of the motion to tax costs.

## STANDARD OF REVIEW

A third party commanded to produce records by subpoena may object, and if ordered to comply with the subpoena, the court must protect the person "'from significant expense resulting from compliance' if the nonparty filed an objection to the subpoena." Bell v. GE Lighting, LLC, 2014 WL 1630754, * 11 (W.D. Va. April 23, 2014) (quoting Fed. R. Civ. P. 45(d)(2)(B)). The party issuing the subpoena "'must take reasonable steps to avoid imposing undue burden or expense on a [nonparty] subject to the subpoena.'" Id. (quoting Fed. R. Civ. P. 45(d)(1)).

2

When handling potentially costly discovery disputes between parties, courts in this district have shifted the costs of production (but not of privilege review), limited the scope of the requested discovery, and ordered production under clawback provisions of a protective order. Id. at *12 (internal citations omitted). However, courts in the Western District of Virginia and elsewhere have "found it untenable for a party to insist on individually reviewing all documents for privilege and responsiveness rather than producing documents under a protective order with a clawback provision." Id. at *12 (citing Adair v. EQT Prod. Co., 2012 WL 2526982 (W.D. Va. June 29, 2012); Zublake v. UBS Warburg LLC, 216 F.R.D. 280, 290 (S.D.N.Y. 2003); Rajala v. McGuire Woods, LLP, 2010 WL 2949582, at *5 (D. Kan. July 22, 2010)).

In protecting nonparties from undue burden and costs required to respond to a subpoena, the court must balance a party's legitimate need for discovery against Rule 45's additional protections for nonparties subjected to subpoenas to which they must respond. In doing so, the court must consider the following factors: (1) whether the nonparty has an interest in the outcome of the case; (2) whether the nonparty's financial status allows it to more easily bear the costs than the requesting party; and (3) whether the litigation is of public importance. Bell, 2014 WL 1630754, at *12 (citing DeGeer v. Gillis, 755 F. Supp. 2d 909, 928–29 (N.D. Ill. 2010)).

## ANALYSIS

### Interested Party

"When the nonparty producing materials has a potential interest in the underlying litigation, courts have weighed that interest against shifting costs." Bell, 2014 WL 1630754, at * 13 (citing Wells Fargo Bank, N.A. v. Knover, 259 F.R.D. 206, 206-07 (D. Conn. 2009); Miller v.Allstate Fire & Cas. Ins. Co., 73 Fed. R. Serv. 3d, at *4–5 (W.D. Pa. 2009); Behrend v. Comcast Corp., 248 F.R.D. 84, 85–87 (D. Mass. 2008)). An "interested party" is a party who

3

"has a recognizable stake (and therefore standing) in a matter." Black's Law Dictionary (10th ed. 2014). An "innocent party" is a "party who did not consciously or intentionally participate in an event or transaction." Id.

Westport is an automotive components company which operates an assembly plant in Roanoke, Virginia. Its business involves manufacturing, assembly, and logistics, and its Roanoke plant produces assembled axles for Volvo's production facility in Dublin, Virginia. Westport defends this action, claiming that Volvo's production forecasts required that it increase its production and thus required all manufacturing employees, including Plaintiffs, to work Saturdays. Neither party has suggested that Volvo has a financial stake in the litigation or that it had any knowledge of the impact its production requirement would have upon Westport's staffing of its labor force. As such, I find that Volvo is not an interested party in this litigation, which is a factor in favor of Volvo.

**Financial State of Nonparty**

Volvo is a world-recognized manufacturer of automobiles and construction equipment. Volvo Group Global, *About Us*, http://www.volvogroup.com/group/global/en-gb/volvo%20group/pages/aboutus.aspx (last visited Jan. 18, 2016). Volvo is a publicly-held company headquartered in Sweden that employs approximately 100,000 people, has production facilities in 19 countries, and in 2014, had approximately SEK 238 billion (approximately $32 billion USD) in net sales. Id. Plaintiffs, on the other hand, are individuals who currently earn approximately $11 to $13 per hour.

At the hearing held on Volvo's motion to quash the subpoena, Volvo provided the court with no evidence, and in fact did not know, the extent to which complying with the subpoena would affect its business, how long it would take to comply or the likely cost of compliance.

Nevertheless, the court, to streamline discovery as much as possible, limited the subpoena time period by almost one year.

It appears Volvo made no attempt to discuss these costs with Plaintiffs before undertaking production, despite their involvement with Kilpatrick as early as August 27, 2015. Dkt. No. 56-3, p. 3. Instead, when Plaintiffs asked for a cost estimate, Kilpatrick responded on September 30, 2015, that the costs were likely to be between $3,000 and $5,000, but could be higher. Dkt. No. 57-1, p. 1. An attorney for Kilpatrick provided this estimate despite the fact that Kilpatrick had already billed Volvo for $5,164 in legal fees (Dkt. Nos. 56-2; 56-3) – though the actual privilege review had not yet begun – and despite having provided Volvo an estimated cost of $12,000 plus attorney's fees. Dkt. Nos. 56-2; 56-3; 56, p. 3. Volvo did not make these cost estimates known to the court during its consideration of the motion to quash.

I find that Volvo is in a better financial position than Plaintiffs to assume more than $20,000 in costs that it negotiated without input from Plaintiffs. This factor weighs heavily in favor of Plaintiffs.

**Public Importance**

This case is an employment discrimination case alleging that Plaintiffs were discriminated against based on their religious beliefs. While not particularly wide-reaching given the limited number of Plaintiffs and the involvement of a local employer, the issue of religious discrimination is an issue of moderate public importance. This factor weighs slightly in favor of Plaintiffs.

## CONCLUSION

Given the vast disparity between the financial abilities of Volvo and Plaintiff, and Volvo's failure to raise the issue of costs at the hearing on the motion to quash or to come to

5

Case 7:14-cv-00617-GEC-RSB   Document 66   Filed 04/08/16   Page 5 of 6   Pageid#: 392

some agreement with Plaintiffs' counsel prior to production, I find that cost shifting in this case is not warranted. Volvo is much better suited to bear the costs of production in this case than Plaintiffs.

    Enter: April 8, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge